# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-7463 FMO (Ex) | Date | November 13, 2017 |
| Title | Nutrition Distribution, LLC v. Newtritional Health Care, LLC | | |

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:         Attorney Present for Defendant:

None Present                                None Present

**Proceedings:**      (In Chambers) Order to Show Cause Re: Personal Jurisdiction and Venue

      On October 12, 2017, plaintiff Nutrition Distribution, LLC ("plaintiff") filed a Complaint against defendant Newtritional Health Care, LLC ("defendant") for false advertising in violation of the Lanham Act. (See Dkt. 1, Complaint at ¶¶ 44-54). Plaintiff alleges that the court has subject matter jurisdiction because this case arises out of a violation of federal law. (See id. at ¶ 13). Plaintiff also alleges that personal jurisdiction is proper "because each Defendant has, directly or through its intermediaries (including distributors, retailers, and others), developed, licensed, manufactured, shipped, distributed, offered for sale, sold, and advertised its nutritional supplement products in the United States, the State of Arizona, and this district[.]" (Id. at ¶ 14). In addition, defendant claims that "[v]enue is proper in this judicial district . . . because a substantial part of the events or omissions which gave rise to the claim occurred in this district." (Id. at ¶ 15).

      A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 134 S.Ct. 746, 754 (2014). General jurisdiction applies when defendants' contacts with the forum state are "so continuous and systematic as to render [them] essentially at home." Id. at 761 (quotation and alteration marks omitted). The court may assert specific personal jurisdiction over nonresident defendants if three requirements are met: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. See id. The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id.

      Here, neither plaintiff nor defendant appear to have any connection to California as plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-7463 FMO (Ex)** | Date | **November 13, 2017** |
|---|---|---|---|
| Title | **Nutrition Distribution, LLC v. Newtritional Health Care, LLC** | | |

is an Arizona company while defendant is an Alabama company. (See Dkt. 1, Complaint at ¶¶ 16-17). Plaintiff claims that venue is proper in this district "because a substantial part of the events or omissions which gave rise to the claim occurred in this district." (Id. at ¶ 15). However, although plaintiff alleges that the products at issue have been sold and advertised in "the State of Arizona," (id. at ¶ 14), the Complaint does not contain any allegations regarding California or this district. Further, while the Complaint does allege that defendant sells products on several websites, (see id. at ¶ 1), the maintenance of a passive website alone is insufficient for purposes of personal jurisdiction. (See, generally, Dkt. 1, Complaint); see, e.g., Mission Trading Co., Inc. v. Lewis, 2016 WL 6679556, *3 (N.D. Cal. 2016) (maintenance of a passive website, alone, cannot satisfy specific jurisdiction). In other words, plaintiff does not allege any facts showing that the events giving rise to this litigation occurred in this district. (See, generally, Dkt. 1, Complaint).

Based on the foregoing, IT IS ORDERED that no later than **November 20, 2017**, plaintiff shall show cause in writing why this action should not be dismissed for lack of personal jurisdiction or transferred for lack of proper venue. **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to either: (1) the dismissal of the action without prejudice for lack of personal jurisdiction and/or failure to comply with a court order; or (2) transfer of the instant action to the appropriate venue**.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |